## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

DIONNE DILLARD,

        Plaintiff,                       **Case No. 2:25-cv-115**

      v.                             **District Judge Algenon L. Marbley**
                                    **Magistrate Judge Kimberly A. Jolson**

BMW FINANCIAL SERVICES
NA, LLC, et al.,

        Defendants.

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff Dionne Dillard, a Maryland resident who is proceeding *pro se*, brings this action against Defendants BMW Financial Services NA, LLC; Primeritus Financial Services; Final Notice Recovery; SIA, LLC; and American Recovery, LLC. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). The Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

## I.      BACKGROUND

This action arises out of Plaintiff's purchase of a car. (Doc. 1-1 at 2). Her Complaint contains few factual allegations, (*see id.* (providing nine, short bullet points)), but on the civil cover sheet filed with her Complaint, Plaintiff points the Court to her past lawsuit filed in the District of Maryland, (Doc. 1-2 (citing Case Number 8:19-cv-01191-GJH)). In that case, Plaintiff provided exhibits showing that she purchased a 2012 Volkswagen Passat from Defendant BMW Financial

Services NA, LLC ("Defendant BMW"), in 2013. *See Dillard v. BMW Fin. Servs. NA, LLC*, No. 8:19-cv-1191 (D. Md. Apr. 24, 2019) (Doc. 1-1 at 1); *Cunningham v. Molina My Care Ohio*, No. 1:24-cv-584, 2024 WL 4599903, at *2 (S.D. Ohio Oct. 29, 2024) (taking judicial notice of a plaintiff's' prior federal lawsuits on an initial screen). She implies the same in her instant Complaint. (*See* Doc. 1-1 at 2).

To buy that car, Plaintiff entered into a financing agreement with Defendant BMW. (*Id.*). Plaintiff alleges that she "complied with the terms of the agreement, including payments, except where otherwise lawfully disputed." (*Id.*). But in 2018, Defendant BMW allegedly charged Plaintiff various fees that were not outlined in the original financing agreement. (*Id.*). The following year, Defendant BMW and the other Defendants "wrongfully repossessed" Plaintiff's vehicle "twice without providing proper notice or justification." (*Id.*). During those repossession efforts, Plaintiff says Defendants "negligently or intentionally" damaged her vehicle. (*Id.*) Then, Defendant SIA, LLC "committed assault and battery" by "snatch[ing] an unsigned Consent to Release form from Plaintiff's hand" when she refused to "receive [her] vehicle" due to that damage. (*Id.*). And although Plaintiff asserts she attempted to resolve this matter extrajudicially with Defendants, she did not receive any "remedy, compensation, or . . . removal of . . . unauthorized fees." (*Id.*).

As mentioned, Plaintiff first sued Defendants in 2019 in the District of Maryland based upon similar allegations. *See Dillard*, No. 8:19-cv-1191 (D. Md. Apr. 24, 2019) (Doc. 1) (bringing suit against Defendants BMW, SIA, LLC, and American Recovery, LLC). That case was ultimately dismissed in 2020 for lack of jurisdiction. *Dillard*, No. 8:19-cv-1191 (D. Md. Feb. 20, 2020) (Doc. 42) (finding the complaint did not raise a federal question and that the parties were not completely diverse for the purposes of 28 U.S.C. § 1332(a)(1)).

2

Now, Plaintiff tries again. (Doc. 1-1 at 2–4). She brings claims against Defendants under the Fair Debt Collection Practices Act (FDCPA) and state law. (*Id.* at 2–3). As relief, she seeks compensatory and punitive damages, declaratory judgment, attorneys' fees and costs, and "[a]ny other relief the Court deems just and proper." (*Id.* at 3–4).

## II.    STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Nor is it the Court's role to "ferret out the strongest cause of action on behalf of *pro se* litigants" or advise "litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (considering the *sua sponte* dismissal of an amended complaint under 28 U.S.C. § 1915(e)(2)). At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and providing "the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1), (2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring a complaint to provide enough facts to give the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (internal quotation omitted)). At this stage, the Court must construe Plaintiff's Complaint in her favor,

accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). And although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 662 (internal quotation and quotation marks removed).

## III.    DISCUSSION

Ultimately, Plaintiff's Complaint should not proceed past an initial screen for two reasons. First, she fails to state a federal claim upon which relief can be granted. And second, the Court lacks jurisdiction over her remaining state-law claims.

Plaintiff alleges just one claim arising under federal law. She sues Defendant BMW only under the Fair Debt Collection Practices Act (FDCPA), claiming it engaged "in deceptive and unlawful practices during the repossession process" of her car. (Doc. 1-1 at 3). The FDCPA exists to regulate debt collectors' conduct and "eliminate [their] abusive debt collection practices." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting 15 U.S.C. § 1692(e)). So, to prevail on a claim under the FDCPA, Plaintiff must establish that Defendant BMW is a "debt collector" as defined by the statute. *See Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1100 (6th Cir. 2015) (outlining the elements for a claim under 15 U.S.C. § 1692(e)).

The definition is long-winded. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Montgomery*, 346 F.3d at 698 (quoting

4

15 U.S.C. § 1692a(6)).  But "a debt collector does not include the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)); *Jennings v. Santander Consumer USA*, No. 21-02468, 2021 WL 6845248, at *3 (W.D. Tenn. Sept. 21, 2021) (noting creditors are separately defined in the statute as "any person who offers or extends credit creating a debt or to whom a debt is owed"). In other words, "[t]he FDCPA applies only to debt collectors, not creditors attempting to collect their own debt." *Rajapaske v. Credit Acceptance Corp.*, No. 17-12970, 2018 WL 3284452, at *7 (E.D. Mich. Apr. 19, 2018) (collecting cases).

This fact dooms Plaintiff's claim.  Plaintiff describes Defendant BMW as "a limited liability company . . . engaged in financial services related to vehicle financing and leasing." (Doc. 1-1 at 2).  Plaintiff also explains that she entered into a financing agreement with Defendant BMW to purchase her car.  (*Id*).  Those allegations suggest Defendant BMW was her creditor, not a debt collector.  *See, e.g.*, *Montgomery*, 346 F.3d at 698–99 (determining that a bank who financed a car loan and retained a business to repossess the car, which served as collateral for the loan, was not a debt collector); *Jennings*, 2021 WL 6845248, at *3 (saying a defendant who extended credit on a car and is owed a debt is a creditor exempt from the FDCPA); *Glover v. Tigani*, 666 F.Supp.3d 896, 902 (D. Minn. 2023) (finding a company that serviced a car loan was not a debt collector under the FDCPA); *Eley v. Evans*, 476 F.Supp.2d 531, 534 (E.D. Va. 2007) (saying a car dealership and its president were creditors at most, not debt collectors); *Craig v. Park Fin. of Broward Cnty., Inc.*, 390 F.Supp.2d 1150, 1154 (M.D. Fla. 2005) (concluding a financer of a car loan who sought repayment was not a debt collector).  And Plaintiff does not provide additional facts from which the Court could conclude that Defendant BMW otherwise fits the FDCPA's definition of a debt

collector. *See Glover*, 666 F.Supp.3d at 902 (dismissing an FDCPA claim and finding the plaintiff did not allege "that his car loan was assigned [to the loan servicer defendant] or that it was in default at the time it was assigned"). As such, Plaintiff fails to state a claim for relief against Defendant BMW under the FDCPA.

This claim also suffers from statute of limitations issues. The FDCPA provides that "[a]n action to enforce any liability . . . may be brought . . . within one year from the date on which the violation occurs." *Amadasu v. Holloway Credit Solutions, LLC*, No. 1:08-cv-36, 2009 WL 948767, at *4–5 (S.D. Ohio Apr. 3, 2009) (emphasis in original removed) (internal quotation omitted); *see also* 15 U.S.C. § 1692k(d). Plaintiff alleges that Defendants' wrongful conduct and repossession efforts occurred between 2018 and 2019. (Doc. 1-1 at 2). Therefore, because those actions happened five and six years ago, her claim against Defendant BMW is likely time-barred. *See Walker v. Phelan Hallinan Diamond & Jones*, 269 F.Supp.3d 618, 621 (E.D. Pa. 2017) (dismissing an FDCPA claim on an initial screen where the complaint clearly showed that the claim was untimely); *Pearson v. Comm. Bank of Ozark*, No. No. 1:17-cv-687, 2018 WL 3199147, at *3 (M.D. Ala. Apr. 26, 2018) (same); *see also James v. Ford Motor Credit Co.*, 47 F.3d 961, 962–63 (8th Cir. 1995) (affirming dismissal of an FDCPA claim based upon the repossession of a car and finding the claim was barred by the FDCPA's one-year statute of limitations).

Finally, Plaintiff's state law claims, which include breach of contract, wrongful repossession under "Article 9" of the Uniform Commercial Code, assault, battery, "property damage," and violations of "Maryland Vehicle Law §§ 21-10A-03 and 21-10A-04," also fail at this stage. (Doc. 1-1 at 2–3); *see also Noel v. PACCAR Fin. Corp.*, 568 F.Supp.3d 558, 566 (D. Md. 2021) (explaining the standard for a breach of the peace claim brought under Maryland Commercial Law § 9-609(b), which is the state's adoption of Article 9). The Court has no diversity

jurisdiction over these claims because Plaintiff, a Maryland resident, alleges that all the Defendants except Defendant BMW are also citizens of Maryland. (Doc. 1-1 at 1 (explaining the other Defendants either have principal places of business in Maryland or operate there)). But "[w]hen a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *see also Graley-Russell v. Schooley*, No. 2:15-cv-2873, 2015 WL 5742112, at *1 (S.D. Ohio Oct. 1, 2015) (dismissing the complaint where the plaintiff and at least some of the defendants were citizens of the same state). For this reason, these claims cannot proceed in this Court.

Even more reason to dismiss Plaintiff's state-law claims, the Court has no hook for supplemental jurisdiction over them. Because her federal claims have been dismissed, her state-law claims "generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). As such, the Undersigned finds that Plaintiff's Complaint should be dismissed in its entirety.

## IV.     CONCLUSION

The Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). But after conducting an initial screen of her Complaint, (Doc. 1-1), the Undersigned **RECOMMENDS** that it be **DISMISSED**.

IT IS SO ORDERED.


Date: February 14, 2025                          /s/Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE

**<u>Procedure on Objections</u>**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

8