IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DIONNE DILLARD,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:25-cv-115 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | Magistrate Judge Kimberly A. Jolson |
| **BMW FINANCIAL SERVICES NA, LLC, et al.,** | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter comes before this Court on the Magistrate Judge's Report and Recommendation ("R&R") that this Court dismiss Plaintiff Dionne Dillard's *pro se* action against Defendants BMW Financial Services NA, LLC ("BMW"); Primeritus Financial Services; Final Notice Recovery; SIA, LLC ("SIA"); and American Recovery, LLC. (ECF No. 3). For the reasons stated below, this Court **ADOPTS** the R&R (ECF No. 3) and **DISMISSES** the action.

The following facts are taken from the R&R, to which Plaintiff does not object. Ms. Dillard, a Maryland resident, purchased a 2012 Volkswagen Passat from Defendant BMW in 2013. (ECF No. 3 at 1 –2) (citing *Dillard v. BMW Fin. Servs. NA, LLC*, No. 8:19-cv-1191 (D. Md. Apr. 24, 2019) (ECF No. 1-1 at 1)). To buy that car, she entered into a financing agreement with Defendant BMW. (*Id.*). In 2018, Defendant BMW allegedly charged Plaintiff various fees that were not outlined in the original financing agreement. (ECF No. 3 at 2). Plaintiff alleges that, the following year, Defendant BMW and the other Defendants "wrongfully repossessed" Plaintiff's vehicle "twice without providing proper notice or justification." (*Id.*). According to Plaintiff, during those repossession efforts, Defendants "negligently or intentionally" damaged her vehicle, and Defendant SIA committed "assault and battery" by "snatch[ing] an unsigned Consent to Release form from Plaintiff's hand" when she refused to "receive [her] vehicle" due to that damage. (*Id.*). Plaintiff further asserts that she attempted to resolve this matter extrajudicially with Defendants but did not

1

receive any "remedy, compensation, or . . . removal of . . . unauthorized fees." (*Id.*). In 2019, Plaintiff sued Defendants in the District of Maryland based upon similar allegations. (*See* ECF No. 1-1). The court ultimately dismissed the case for lack of jurisdiction. *See Dillard*, No. 8:19-cv-1191 (D. Md. Feb. 20, 2020) (ECF No. 42).

On February 7, 2025, Plaintiff initiated this action by filing a motion to proceed *in forma pauperis* ("IFP Motion") (ECF No. 1) and a complaint (ECF No. 2). The complaint asserts claims against Defendants under the Fair Debt Collection Practices Act (FDCPA) and state law. (ECF No. 2 at 3–4). On February 14, 2025, Magistrate Judge Kimberly A. Jolson granted the IFP Motion and, upon screening Plaintiff's Complaint, recommended dismissal. (ECF No. 3). Specifically, Magistrate Judge Jolson concluded that Plaintiff fails to establish that Defendant BMW is a "debt collector" as defined by the FDCPA, and that this Court lacks jurisdiction over the remaining state-law claims. (*Id.* at 4–7). The R&R advised Plaintiff of her right to object to the R&R within fourteen (14) days and on the rights she would waive by failing to do so. (*Id*. at 8). No objection has been filed, and the time for doing so under Fed. R. Civ. 72(b)(2) has passed.

Without any objections, review of the R&R is not required. *See Thomas v. Arn*, 474 U.S. 140, 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Nonetheless, based on its independent consideration of the analysis therein, this Court **ADOPTS** the R&R in its entirety. (ECF No. 3). This action is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
**UNITED STATES DISTRICT JUDGE**

**DATED: April 24, 2024**